# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Edward Hund and Elizabeth Hund, ) | |
| ) | C.A. No. 6:10-cv-01556-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Smith & Nephew, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Plaintiffs' Motion to Compel and for Sanctions [Doc. 51] pursuant to Rules 30(d)(2) and 37(a) of the Federal Rules of Civil Procedure to compel Defendant to produce a proper designee to respond to all topics listed in Plaintiffs' Amended Rule 30(b)(6) deposition notice to Defendant. Plaintiffs allege that Defendant's designee was unprepared or unwilling to respond to many questions, and therefore, Plaintiffs should be afforded another opportunity to conduct their Rule 30(b)(6) deposition after Defendant designates a proper representative.

Fed. R. Civ. P. 30(b)(6) provides parties with the ability effectively to depose a corporation regarding matters that are within its knowledge. The party conducting the deposition has the obligation to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The corporation has an obligation to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . about information known or reasonably available to the [corporation]." *Id*. "The corporation must make a good-faith effort to designate people with knowledge of the matter sought by the opposing party

1

and to adequately prepare its representatives so that they may give complete, knowledgeable, and nonevasive answers in deposition." *Humanscale Corp. v. CompX Int'l Inc.*, No. 3:09cv86, 2009 WL 5091648, at *2 (E.D. Va. Dec. 24, 2009) (citations omitted). "[The] designee must provide the corporation's interpretation of documents and events and the corporation's subjective beliefs and opinions. And problems with lack of corporate memory do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Martinez-Hernandez v. Butterball, LLC*, No. 5:07-cv-174-H, 2010 WL 2089251, *7 (E.D.N.C. May 21, 2010) (quotation marks and citations omitted).

The court previously addressed Defendant's concerns that some of the deposition notice topics would require a corporate representative to provide opinion testimony regarding the appropriateness of the device's use on a specific patient and would require knowledge beyond the scope of any corporate representative testifying pursuant to such notice. The court found that it would be inappropriate to require the corporate representative to provide expert opinion testimony as to the device at issue. *See* [Doc. 44]. Plaintiffs agreed to remove the topics which required expert opinion testimony.

The parties undertook the deposition of Defendant's corporate designee, David Kelman, on January 20, 2011. Plaintiffs simultaneously deposed Mr. Kelman in his capacity as corporate designee under Federal Rule of Civil procedure 30(b)(6) and in his individual capacity. During the deposition, Plaintiffs' counsel did not make any clear distinction between his questioning of Mr. Kelman as corporate designee or individually. Defendant's counsel did not prevent Plaintiffs' counsel from conducting the dual purpose deposition, but did make many objections throughout the deposition. Defendant's counsel did not instruct Mr. Kelman to not answer any of Plaintiffs'

counsel's questions. After receiving the deposition transcript, Defendant's counsel notified Plaintiffs' counsel of the portions of the deposition which he considered to be beyond the scope of the topics listed in the Rule 30(b)(6) deposition notice. Defendant's counsel further indicated that he considered those portions of the deposition testimony to be Mr. Kelman's individual testimony and not the testimony of the corporation. Plaintiffs disagree with Defendant's counsel's position and complain that Mr. Kelman was unwilling or unprepared to respond to topics contained in the deposition notice.

While Plaintiffs do note that Defendant's counsel objected vigorously during the deposition and that Mr. Kelman often indicated that he did not understand the question, Plaintiffs do not explain to the court the specific topics to which Mr. Kelman failed to adequately respond. Although Plaintiffs provide a list of transcript pages which represent some of the alleged unresponsive and evasive conduct of which they now complain, they do not provide the actual deposition transcript to enable the court to evaluate the completeness of Mr. Kelman's responses. The court has, however, reviewed some excerpts of the deposition which were provided by Defendant in response to Plaintiffs' motion. Much of the deposition testimony cited by Plaintiffs as objectionable concerns matters outside the scope of the deposition notice or reflect Mr. Kelman's efforts to understand Plaintiffs' counsel's questions sufficiently to provide an adequate response. For example, Plaintiffs' counsel continually asks Mr. Kelman to opine as to the suitability of the device at issue based on an assessment of the weight of the patient. *See* David Kelman Deposition Transcript pp. 103-108, 208-209 [Doc. 54-3]. This line of questioning is beyond the scope of the topics listed in the deposition notice and falls squarely within the type of expert opinion testimony that the court previously found to be inappropriate for a Rule 30(b)(6) deposition. Other deposition excerpts listed by Plaintiffs

include colloquies between Mr. Kelman and counsel to establish a mutual understanding of the questions asked during the deposition. *See id*. at 27-32 (discussing the meaning of the terms "authoritative" and "absolute"). Based on the courts review, it appears that Mr. Kelman satisfactorily responded to the deposition questions. Therefore, the court does not find any basis to compel further designation or award sanctions.

## CONCLUSION

Based on the foregoing, and upon consideration of the record herein, the court hereby **DENIES** Plaintiffs' Motion to Compel and for Sanctions [Doc. 51].

**IT IS SO ORDERED**.

s/ J. Michelle Childs
United States District Judge

July 28, 2011
Greenville, South Carolina

4